PEOPLE, PLAINTIFF AND APPELLEE, v. ORTIZ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of Treasury Regulations.

No. 1660.—Decided May 12, 1921.

TREASURY REGULATIONS—INTOXICATING LIQUORS—PHYSICIAN'S PRESCRIPTION.—
The provision contained in the regulations promulgated by the Treasurer of Porto Rico, in the exercise of the powers conferred upon him by Act No. 69 of 1917, requiring that every prescription issued by a licensed physician for intoxicating liquors for medicinal purposes shall bear the date of issuance, is not contrary to the said act, but, on the contrary, is in harmony with its spirit.

ID.—ID.—ID.—PLEADING—DEMURRER.—Although it should be concluded that an information for issuing an undated prescription for intoxicating liquors which in referring to the regulations violated alleges only that the "* * * act is contrary to the circular promulgated to that effect" should have been more specific in citing the regulation violated, that defect when pointed out for the first time in the Supreme Court can not serve as a basis for a demurrer on the ground of lack of facts.

The facts are stated in the opinion.
*Mr. L. Tormes* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The pertinent part of the complaint reads as follows:

"In December of this year and at No. 53 Estrella Street, Ponce, P. R., in the Municipal Judicial District of Ponce, P. R., which forms part of the Judicial District of Ponce, P. R., the said defendant, a person lawfully (?) to prescribe alcohol, or alcoholic or intoxicating beverages, drugs or medicines, for medicinal purposes, gave a prescription to Pedro González (?) the ward of Machuelo

of Ponce, for seven hundred and thirty-two (732) grams of brandy, an intoxicating beverage, without inserting in the prescription the date on which it was written. This act is contrary to the regulations governing the matter and against the peace and dignity of The People of Porto Rico."

The defendant was finally convicted by the district court and sentenced to pay a fine of twenty-five dollars, or to one day's imprisonment for each dollar not paid.

He appealed to this court. There is no bill of exceptions or statement of the case. The appellant contends in his brief that the act charged in the complaint is not a public offense, because neither Act No. 69 of 1917 nor the amendatory Act of 1918 confers upon the Treasurer authority to require physicians to date their prescriptions, and furthermore that the complaint does not set out the provisions of the regulations of the Treasurer, which is contrary "to *apartado* (*sic*) 4 of the Constitution of the United States reenacted in the Bill of Rights of the Jones Act applicable to Porto Rico, approved by the Congress of the United States on March 2, 1917, which expressly prescribes that every person accused of a crime shall be given full information of the charge made against him so that he may be able to formulate his defense."

The appellant raises these questions only in the manner stated, but does not discuss them nor cite authorities in their support.

Act No. 69 of 1917 was approved on December 5, 1917, to provide additional revenues and to authorize and regulate the importation, manufacture and sale of intoxicating drinks and drugs ·for medicinal, sacramental, industrial and scientific purposes, etc. Section 6 of Article II provides that "it shall be unlawful for any physician duly licensed as herein prescribed to issue any prescription for intoxicating drinks. except for the treatment of a patient whose condition requires the administering of such intoxicating drink as a medicine." Section 9 of the same article provides that "the Treasurer

of Porto Rico is hereby authorized, empowered and directed to issue all necessary rules and regulations not in conflict herewith for the purpose of carrying into effect the provisions of this Act  *  *  *," and that "failure to comply with any of the provisions of this Act or of the regulations issued hereunder shall be deemed and held to be a misdemeanor and shall be punished by a fine of not less than twenty-five (25) dollars for the first offense and for the second and subsequent offenses by fine of not less than fifty (50) dollars."

In compliance with the duty imposed upon him by the Act and in the exercise of the powers thereby conferred upon him, the Treasurer issued the regulations violated in this case requiring the insertion in every prescription of the date on which it is given.

That requirement is not contrary to the Act, but is in harmony with its spirit. The use of alcoholic beverages is prohibited, but recognizing as a scientific fact that it is necessary to use such beverages in treating certain diseases, the Legislature authorized physicians to prescribe them. And it is closely related to such authorization to require the insertion of the date on which the beverage is prescribed so that by the amount prescribed within a certain length of time it may be judged whether the prescription is genuine. Besides, in order to ascertain whether or not the illness was real, the date of the prescription is important. Other reasons might be found for concluding that the regulation is not contrary to law. Experience has shown that all imaginable means have been resorted to for violating the law prohibiting the use of alcohol. Hence, the regulations must be necessarily casuistical.

It is a well-established rule that "the functions of legislation may not be delegated by the legislative to the executive department or to any officer or officers thereof." 12 C. J. 844. But it has also been held that "especially may the Leg-

islature authorize an administrative officer or body to make rules and regulations relating to the administration or enforcement of the law.'' 12 C. J. 845.

Of course, ''the power conferred to make regulations for carrying a statute into effect must be exercised within the powers delegated, that is to say, must be confined to details for regulating the mode of proceeding to carry into effect the law as it has been enacted, and it cannot be extended to amending or adding to the requirements of the statute itself.'' 12 C. J. 845, 846. But we have already seen that the question here involved is a detail in harmony with the fundamental idea of the legislators and with the purpose that that idea be a reality in practice.

See the case of *People* v. *Neagle,* 21 P. R. R. 339, 345, in which the case of *United States* v. *Grimaud* is cited as follows:

''In *United States* v. *Grimaud,* 220 U. S., 506, an Act of Congress reserved certain forest lands and provided that the Secretary of Agriculture should make such rules and regulations and should establish such service as would insure the objects of such reservation, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction. The violation of a rule established by the Secretary of Agriculture was made a crime. In holding the statute constitutional, the court said:

''(p. 517.) 'From the beginning of the Government various acts have been passed conferring upon executive officers power to make rules and regulations—not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions ''power to fill up the details'' by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress, or by penalties fixed by Congress or measured by the injury done.' ''

And as to the second ground, it will suffice to say that even if it should be concluded that the complaint should have

been more specific in citing the regulation violated, that defect, referred to for the first time in this court, can not serve as a basis for the privileged plea of lack of facts sufficient to constitute a cause of action.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.